IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HAKIEM ANDERSON | § | |
| | § | No. 559, 2017 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | ID Nos.: N1508015476A |
| STATE OF DELAWARE, | § | N1508015476B |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: November 14, 2018
Decided: November 20, 2018

Before **STRINE**, Chief Justice; **SEITZ,** and **TRAYNOR,** Justices.

**O R D E R**

This 20th day of November, 2018, upon consideration of the briefs and the record below, it appears to the Court that:

(1)    Following a Superior Court jury trial, Appellant Hakiem Anderson was found guilty of first-degree murder and possession of a firearm during the commission of a felony.  After that verdict, Anderson was found guilty of possession of a deadly weapon by a person prohibited—a charge that had been severed from the murder and possession of a firearm during the commission of a felony charges—at a bench trial.  The Superior Court sentenced Anderson to life imprisonment plus 13 years.

(2)     In this direct appeal, Anderson argues that the Superior Court abused its discretion during his murder trial when it:  (i)  permitted the jury to hear recorded prison phone calls in which Anderson made statements that, according to the State, were meant to solicit family members to tamper with witnesses; (ii) allowed the prosecution to play a recorded statement of an unavailable witness, Arto Harrison, under the forfeiture-by-wrongdoing hearsay exception;[1] (iii) denied his request for a missing evidence instruction; and (iv) denied his motion for a mistrial after Harrison voluntarily appeared after the prosecution had rested.  We have reviewed the record and have concluded that the trial judge's rulings on each of these issues were well within the bounds of the Superior Court's discretion.

(3)     Before admitting the prison phone calls into evidence, the Superior Court conducted a thorough D.R.E. 404(b) analysis, which included a balancing under D.R.E. 403 of the probative value of the evidence against the danger of unfair prejudice.  We agree with the Superior Court's finding that "[t]he statements in the phone calls could easily be construed to demonstrate a consciousness of guilt and also the intention to intimidate witnesses."[2]  This analysis in turn served as a solid predicate for the admission of the recorded statement of Arto Harrison, whose unavailability appeared to have been procured by Anderson's wrongdoing.  And, in

---

[1] D.R.E. 804(b)(6).
[2] App. to Ans. Br. B30-1.

any event, Harrison's mysterious appearance after the prosecution had rested but in time for him to take the stand as a defense witness so that he could retract the highly damaging recorded statement eliminated any prejudice to Anderson.

(4)     Regarding Anderson's claim that he was entitled to a missing evidence instruction because of the corruption of a surveillance video from a block away from the homicide scene, the Superior Court's findings that the video was of dubious evidentiary value and was corrupted through no fault of the State support its denial of Anderson's request for a missing evidence instruction.

(5)     Finally, Anderson's claim that the Superior Court should have declared a mistrial when Harrison resurfaced after the prosecution rested and made himself available to testify for the defense is puzzling. It appears to be based on the view that Harrison's appearance and testimony fatally undermined the factual findings that supported the admission of the prison phone calls and Harrison's recorded statement during the prosecution's case-in-chief. But this argument ignores the fact that the prison phone calls also referred to tampering with witnesses other than Harrison. As such, the Superior Court reasonably concluded that Harrison's appearance should have no retroactive impact on the admissibility of that evidence. And any claim that Harrison had been deprived of his right to confront and cross-examine Harrison when his recorded statement was played in the State's case-in-chief evaporated when the defense called Harrison to the stand during its case. In

3

short, the Superior Court did not abuse its discretion when it denied Harrison's motion for a mistrial.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Gary F. Traynor
Justice